Filed 5/22/23  P. v. Gonzalez CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D079697 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN395653) |
| MARTIN LUIS GONZALEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Kelly C. Mok, Judge. Affirmed.

Laura P. Gordon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

A jury found Martin Luis Gonzalez guilty of five counts of aggravated sexual assault on a child under 14 years old (Pen. Code,[1] § 269, subd. (a);

---

[1] Undesignated statutory references are to the Penal Code.

counts 1-5) and 11 counts of forcible lewd acts upon a child under 14 years old (§ 288, subd. (b); counts 6-16). As to counts six to 11, the jury also found true that the offenses involved substantial sexual conduct (§ 1203.066, subd. (a)(8)).

The trial court sentenced Gonzalez to a determinate term of 60 years on counts six and counts 12 through 16 (consisting of 10-year upper terms on each count), followed by an indeterminate term of 75 years to life on counts one through five (consisting of consecutive 15 to life terms on each count). The court stayed sentence on counts seven through 11 under section 654. It awarded 1,015 days of custody credit, plus 152 days under section 2933.1, for a total of 1,167 days. It imposed a $10,000 restitution fine (§ 1202.4, subd. (b) & § 1202.45 (stayed)), a $640 court security fee (§ 1465.8), a $480 criminal conviction assessment (Gov. Code, § 70373), and a $300 sex offender registration fee (§ 290.3) but stayed the fees and assessment pending a determination of Gonzalez's ability to pay.

The trial court later issued a minute order modifying the sentence by reducing the section 1202.4, subdivision (b), and 1202.45 fines to the minimum mandatory of $300 based on Gonzalez's inability to pay and reduced the determinate terms on counts six and 12 through 16 to the eight-year middle terms, which resulted in an aggregate determinate term of 48 years. The court made a general order of restitution to the victim in an amount to be determined (§ 1202.4, subd. (f)). It also ordered Gonzalez to submit to DNA testing (§ 296) and AIDS testing (§ 1202.1, subd. (e)(6), (a)(3), to register as a sex offender (§ 290), and to have no contact with the victim for 10 years.

Gonzalez's counsel on appeal has filed an opening brief asking this court to conduct an independent review of the record pursuant to *Anders v.*

2

*California* (1967) 386 U.S. 738 (*Anders*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We granted Gonzalez the opportunity to file a supplemental brief on his own behalf and he has done so. After reviewing the briefing submitted by counsel and by Gonzalez, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Jane Doe[2] and her mother, L.S. (Mother), moved into Gonzalez's two-story apartment. When Jane was 10 years old, Mother and Gonzalez had their first child together, a girl. Her second half-sister was born two years later. Over time, Gonzalez became mean and rude to Jane. He took Jane's half-sisters places but left her at the apartment. Sometimes he locked her out when she would go to the park or the library.

When Jane was 11 to 13 years old, Gonzalez started touching her bottom, vagina and breasts. Gonzalez first touched Jane's vagina on the outside of her clothing. He then started putting his hand inside her pants or pulled her pants down. He also put his fingers inside her vagina. Once when she was washing dishes, he touched her over her clothes and then under them, including the outside and inside of her vagina.

Gonzalez touched Jane's breasts, both over and under her clothing. He also touched the back of her buttocks with his penis in the upstairs bedroom and tried to put his penis inside her anus. Once when Jane showered, Gonzalez got in, touched his penis to her behind and then against her vagina. Other times, while Jane lay on her stomach or back, Gonzalez got on top of her, without clothes, humping and moaning. Once he ejaculated on her face.

Sometimes Gonzalez grabbed her hands, put his hand on her hands and had her masturbate him. One time Gonzalez put his penis inside her

_____

[2] We refer to the victim as Jane Doe and Doe's mother by her initials. (See Cal. Rules of Court, rule 8.90(b)(4), (11).)

3

mouth. Gonzalez also put his mouth on her vagina and breasts. One time Gonzalez licked her vagina. Several times he put his mouth on her breasts.

Jane was confused by Gonzalez's touching and did not understand what was happening until she had a sex education class in the seventh grade. She never spoke to Mother about the abuse because Gonzalez told her that Mother had a heart condition and could die of a heart attack if she became worried or stressed. When Jane decided to tell Mother, she was really scared because she feared Mother would be mad at her. Jane underwent a sexual abuse examination but no DNA was collected. Jane also participated in a pretext call to Gonzalez with a police detective, which the jury heard.

During the pretext call, Gonzalez claimed he "never did anything [Jane] didn't want" him to do. When Jane stated she had sores because Gonzalez put his "that" in her behind, he denied having any infection and claimed he was "clean." When Jane accused Gonzalez of trying to put his "that" in her mouth, he admitted this conduct. When Jane expressed fear about getting pregnant, Gonzalez told her "there was no vaginal introduction . . . you can only get pregnant vaginally." When Jane told him that some of the white sticky stuff "got in her mouth," he responded that she could not get pregnant through her mouth.

Gonzalez testified in his defense. He denied trying to kiss Jane on the mouth, putting his mouth on her breasts, touching her breasts or vagina, putting his fingers inside her vagina, or having anal or oral sex with her. Gonzalez told Jane that Mother could have a heart attack if she heard upsetting news but did not say she would have a heart attack if Jane told Mother he was sexually abusing her. He admitted locking Jane out, claiming he did so because she would leave without saying where she was going. He claimed that on many occasions Jane said she would "do everything she

4

could" to get Gonzalez out of the apartment because she could not "put up with [him] anymore."

## DISCUSSION

Appointed appellate counsel filed a brief summarizing the facts and proceedings below. She presented no argument for reversal but asked this court to review the record for error as mandated by *Wende, supra*, 25 Cal.3d 436. Counsel raised no specific issues on appeal and instead, identified four possible, but not arguable, issues pursuant to *Anders, supra*, 386 U.S. 738 as follows, whether: (1) the element of duress was proven beyond a reasonable doubt as to each charge; (2) the evidence regarding the work and school schedules of each of the occupants of the residence made it impossible for Gonzalez to have committed the crimes against Jane; (3) the trial court erred in overruling the defense objection to Mother being present in the courtroom during Jane's preliminary hearing testimony; and (4) prosecution of acts of child molestation on the basis of generic evidence, without specificity as to dates and times, is unconstitutional unless charged under section 288.5.

We granted Gonzalez permission to file a brief on his own behalf. Gonzalez filed a two-page handwritten brief[3] arguing, to the best we can discern, that: (1) his convictions should be reversed because Jane lacked mental capacity to accuse him; (2) the trial court erred when it allowed Jane to testify at trial differently from what she testified to at the preliminary hearing; (3) insufficient evidence supports his convictions because the prosecution presented no forensic evidence suggesting he had penetrated Jane's anus or vagina; and (4) a call that led to his arrest came from a

---

[3] Gonzalez wrote his brief in Spanish. Appellate counsel provided us a copy of the brief translated into English.

telephone number that did not belong to Mother. Gonzalez's brief does not develop any argument nor cite to the record.

When the appellant raises specific issues in a *Wende* proceeding, we must expressly address them in our opinion and if they fail, explain why. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.) Below we address the issues identified by appellate counsel and Gonzalez in chronological order. As we will explain, the issues identified by counsel and Gonzalez lack arguable merit.

A.    *Sufficiency of the Evidence*

    1.    Legal Principles

Where a defendant challenges the sufficiency of the evidence supporting a conviction, we examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.) We presume in support of the judgment the existence of every fact the trier of fact could reasonably deduce from the evidence. (*Ibid*.) Reversal for insufficient evidence is warranted only when it appears that under no hypothesis whatsoever is there sufficient evidence to support the jury's verdict. (*People v. Bolin* (1998) 18 Cal.4th 297, 331.) The testimony of a single witness, if believed by the trier of fact, is sufficient to support a conviction, unless that testimony is physically impossible or inherently improbable. (*People v. Young* (2005) 34 Cal.4th 1149, 1181.)

    2.    Jane's Mental Capacity

Gonzalez asserts his convictions should be reversed because Jane lacked mental capacity to accuse him, claiming Jane has received "psychological therapies" since age seven, which was first suggested by her

6

school and then recommended by her family doctor. Gonzalez forfeited this contention by failing to object to Jane's testimony at trial. (Evid. Code, § 353, subd. (a).)

Even if not forfeited, the contention is not reasonably arguable. "As a general rule, 'every person, irrespective of age, is qualified to be a witness and no person is disqualified to testify to any matter.' [Citations.] A person may be disqualified as a witness for one of two reasons: (1) the witness is incapable of expressing himself or herself so as to be understood, or (2) the witness is incapable of understanding the duty to tell the truth. [Citation.] The party challenging the witness bears the burden of proving disqualification, and a trial court's determination will be upheld in the absence of a clear abuse of discretion." (*People v. Mincey* (1992) 2 Cal.4th 408, 444.) The record discloses Jane promised to tell the truth, was attentive, and understood the questions put to her.

3. Duress Element

Appellate counsel suggests it is reasonably arguable that the prosecution failed to prove the element of duress for each charge beyond a reasonable doubt. The court instructed the jury on each offense that to find Gonzalez guilty it had to find beyond a reasonable doubt he committed the offenses by "force, violence, duress, menace or fear of immediate and unlawful bodily injury." (CALCRIM Nos. 220, 1123, 1015, 1045, 1030, 1111.) "*Duress* means a direct or implied threat of force, violence, danger, hardship, or retribution that causes a reasonable person to do or submit to something that he or she would not otherwise do or submit to. When deciding whether the act was accomplished by duress, consider all the circumstances, including the age of the other person and her relationship to the defendant." (CALCRIM Nos. 1015, 1045, 1030.) "When the victim is young and is molested by her

7

father in the family home, duress will be present in all but the rarest cases. (*People v. Thomas* (2017) 15 Cal.App.5th 1063, 1072–1073.)

At the time of the incidents, Jane was 11 to 13 years old and Gonzalez was a significantly larger adult male who fathered her half-siblings. Although not her biological father, Jane described Gonzalez as her "stepdad" and a "father figure" who disciplined her. She explained that Gonzalez's strength, size, and weight made it difficult to get away. This issue is not reasonably arguable.

### 4. Work and School Schedule Evidence

Appellate counsel suggests the evidence regarding the work and school schedules for each of the occupants of the residence made it impossible for Gonzalez to have committed the crimes against Jane. Mother had a varying work schedule seven days a week, with 6:00 p.m. being the earliest she came home and 10:00 p.m. the latest. Jane went to school Monday through Friday but would sometimes be home alone on the weekends. Gonzalez claimed he was self-employed, did not have a schedule, and usually left home at 6:00 a.m. and returned home around 10:00 p.m. He admitted, however, that after Jane's half-siblings were born, he was sometimes alone in the apartment with them and Jane. This evidence does not show it was impossible for Gonzalez to have committed the crimes and the issue is not reasonably arguable.

### 5. Lack of Forensic Evidence

Gonzalez claims insufficient evidence supports his convictions because the prosecution presented no forensic evidence suggesting he had penetrated Jane's anus or vagina. To prove Gonzalez guilty of sexual penetration, the prosecution needed to prove that some penetration occurred, "however slight, of the genital or anal opening of the other person for the purpose of sexual

8

abuse, arousal, or gratification." (CALCRIM No. 1045; see § 289, subd. (k)(1).) The court also instructed the jury that a conviction for a sexual assault crime may be based on the uncorroborated testimony of a complaining witness alone. (*People v. Poggi* (1988) 45 Cal.3d 306, 326; see CALCRIM No. 1190.) This issue is not reasonably arguable.

B.    *Evidentiary Issues*

1.    Mother's Presence at the Preliminary Hearing

Appellate counsel suggests the trial court erred in overruling the defense objection to Mother being present in the courtroom during the preliminary hearing testimony. At the start of the preliminary hearing, defense counsel moved to exclude witnesses and for witnesses to be admonished to not discuss their testimony. The People responded that Mother was in the courtroom, would not be called as a witness, and asked that she be able to stay during the testimony. Defense counsel objected to Mother's presence because she would likely be called as a witness at trial. The trial court ruled that Mother could remain in the courtroom because nothing was presented to the court suggesting her presence might affect the testimony of any witness and instructed the prosecution to admonish Mother not to discuss the testimony with anyone. The court then placed the prosecution "on notice that their witness -- a potential witness may be in the courtroom" and this may be an issue to address during trial.

Mother did not testify at trial. Gonzalez presented no evidence showing Mother communicated with anyone regarding the preliminary

hearing testimony or how her presence at the preliminary hearing prejudiced him. This issue is not reasonably arguable.

2. Alleged Change in Jane's Testimony

Gonzalez asserts the trial court erred when it allowed Jane to testify at trial differently from what she testified to at the preliminary hearing. "Mere inconsistencies between a witness's testimony and her prior statements do not prove the falsity of the testimony." (*People v. Vines* (2011) 51 Cal.4th 830, 874, overruled in part on other grounds in *People v. Hardy* (2018) 5 Cal.5th 56, 104.) This issue lacks arguable merit because Gonzalez has not identified how Jane's trial testimony materially differed from her testimony at the preliminary hearing. (Cal. Const., art. VI, § 13 [defendant is not entitled to have judgment set aside absent a showing "that the error complained of has resulted in a miscarriage of justice"].)

3. Telephone Number

Gonzalez claims the telephone call leading to his arrest came from a telephone number that did not belong to Mother and he is being framed. Gonzalez has not cited where in the record we can locate the telephone number for the call leading to his arrest, or Mother's telephone number. Even assuming Mother used a telephone unknown to Gonzalez to make this call, Gonzalez has not explained how this fact prejudiced him. This issue lacks arguable merit.

C. *Constitutionality of the Convictions*

Appellate counsel suggests the prosecution of child molestation based on generic evidence, without specificity as to dates and times, is unconstitutional unless charged under section 288.5. In *People v. Jones* (1990) 51 Cal.3d 294, our Supreme Court addressed the quantum of proof necessary to support a conviction in a child molestation case. (*Id.* at pp. 314–

10

316.) The court held that even "generic" testimony regarding multiple molestations over a period of time—unspecific as to time, place or circumstance—is sufficiently substantial to support a conviction. (*Id.* at pp. 313–314.) This issue is not reasonably arguable.

D.     *Conclusion*

Review of the record pursuant to *Wende, supra*, 25 Cal.3d 436, and *Anders, supra*, 386 U.S. 738, including the possible issues referred to by Gonzalez and his appellate counsel, have disclosed no reasonably arguable appellate issues. We find that Gonzalez was adequately represented both at trial and on appeal.

## DISPOSITION

The judgment is affirmed.

DO, J.

WE CONCUR:

McCONNELL, P. J.

CASTILLO, J.

11